UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID VAN ELZEN, individually and
on behalf of all others similarly situated,

        Plaintiff,

        v.        Case No. 22-C-859

ADVISORS IGNITE USA LLC and
STEVEN DEJOHN,

        Defendants.

---

### DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff David Van Elzen brought this action against Defendants Advisors Ignite USA LLC and Steven DeJohn alleging a single violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Presently before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss will be granted.

### LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## ALLEGATIONS CONTAINED IN THE COMPLAINT

Plaintiff is an insurance agent who resides in Menasha, Wisconsin. Defendant Advisors Ignite USA LLC is a marketing company that offers several lead programs for insurance agents to help them improve their lead generation and close more business. Defendant Steven DeJohn is the president and founder of Advisors Ignite.

On June 22, 2022, at 11:56 a.m., Plaintiff received a call to his cell phone from a phone number associated with Advisor Ignite. Plaintiff was not able to answer the call, and he received a prerecorded voice message. The voice message stated:

> Hi, this is Steve DeJohn, founder of Advisors Ignite USA. We are an IMO located in Chicago, Illinois. Hey, the purpose of my call is I want to give you a 22% raise on your next $250,000 annuity sale. That's $3,750 cash above street commission. We at Advisors Ignite we pay producers for producing and no one does marketing money like we do. Period. If you'd like to hear how a $3 million dollar producer receives $18,000 or a $5 million dollar producer receives $50,000 and even our $10 million dollar producer will receive $120,000 from us this year, call me today to discuss our MVP money program. Lastly, if you want real annuity leads people that are looking to buy annuities, we have them. If you want a true mentor for educational workshops and learn how we pay for it, we have it. And lastly, if you want to learn from a $20 million dollar AUM and FIA producer, and he will teach you in person, we have it. Call 630-716-2200 and simply say, "Hey Steve asked me to call about the 22% raise." Can't wait to talk to you. Have a great day.

Compl. ¶ 24.

Plaintiff maintains that other individuals have reported receiving similar unsolicited prerecorded calls by Defendants. He asserts that Defendants transmitted unwanted telephone calls to Plaintiff and other members of the class using a prerecorded message and that the prerecorded voice calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the class. Plaintiff claims that the unauthorized prerecorded call that he received from Defendants has harmed him in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone. Seeking redress for these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the TCPA.

## ANALYSIS

The TCPA generally makes it unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). Defendants argue that Plaintiff has failed to state a claim under the TCPA because Plaintiff has not plausibly alleged that the call he received was made using a prerecorded voice. Plaintiff simply alleges that the call he received from Defendants was a prerecorded message. But merely repeating the elements of a cause of action or supporting claims with conclusory allegations is not sufficient to state a claim under the TCPA. *See Hanley v. Green Tree Servicing LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013) (reciting "naked facts mimicking the elements of a cause of action under the TCPA" is insufficient to state a claim). "At the very least, [Plaintiff] is required to plead a layman's explanation for why he believed that the solicitation was pre-recorded." *Moore v. CHW Grp., Inc.*, No. 18-C-6960, 2019 WL 3216029, at *2 (N.D. Ill. July 17, 2019); *see also Johansen v. Vivant,*

*Inc.*, No. 12-C-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (dismissing TCPA claim where "Plaintiff provides no information about the two messages he allegedly received from [Defendant] other than stating that [Defendant] left pre-recorded messages on his cellular phone using [an automated telephone dialing system]"). For instance, a plaintiff may allege "facts such as a description of a 'robotic sound of the voice on the other line,' a lack of human response when he attempted to have a conversation with the caller, [or] having heard a distinctive 'click and pause' after having answered the call." *Martin v. Direct Wines, Inc.*, No. 15-C-757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) (quoting *Johansen*, 2012 WL 6590551, at *3).

In this case, Plaintiff asserts that he received a prerecorded message on June 22, 2022, and that other individuals have reported receiving "similar" unsolicited prerecorded calls by Defendants. Compl. ¶ 20. But the fact that the messages are similar does not mean that they are prerecorded. Plaintiff's conclusory allegation that Defendants used a prerecorded message does not provide enough specificity to cross the threshold from speculative to plausible. Accordingly, Plaintiff has failed to state a TCPA claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 21 days of the date of this order. Failure to file an amended complaint within that time period may result in dismissal of the action with prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge